UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHNSON & JOHNSON and LIFESCAN, INC.

                   Plaintiffs,

      -against-                          ORDER
                                               07-CV-4302 (SLT)
AZAM INTERNATIONAL TRADING, et al.,

                   Defendants.
------------------------------------------------------------X
Gold, S., *United States Magistrate Judge*:

      Plaintiffs bring this action alleging that defendants sold and distributed counterfeit blood glucose test strips bearing plaintiffs' trademarks. Plaintiffs now seek a default judgment against defendants Azam International Trading, Jasani Scientifics, Arabian International, Muhammad Hamid Butt, Elentta Po Butt, Mohammed Ramzan, and Massood Sitter. Docket Entry 67. More specifically, plaintiffs seek joint and several liability and an award of $5 million in statutory damages, $96.5 million in punitive damages under New York law, plus an award of attorney's fees. The Honorable Sandra L. Townes has referred plaintiffs' motion to me to report and recommend on what relief, if any, should be awarded. Docket Entry 69.

      Having conducted an initial review of plaintiffs' motion, the court requests additional briefing and evidence on the following issues:

- Whether this court has personal jurisdiction over the defaulting defendants. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (internal quotation marks omitted). Plaintiffs contend that this court has personal jurisdiction over the defaulting defendants who are Pakistani individuals and corporations pursuant to New York C.P.L.R. 302. More specifically, plaintiffs contend that defendants

transacted business in New York under subsection (a)(1) and committed a tortious action within New York, as provided in subsection (a)(2).

In their complaint and memorandum of law, Docket Entry 68, plaintiffs allege that defendants shipped some of the infringing goods through a New York airport and that defendants' bank, Royal Bank of Canada, processed defendants' banking transactions through its New York branch.  Compl. ¶¶ 37, 43; Docket Entry 1-5 at 6, 32, 34; Pls. Mem. 8-11, Docket Entry 68. Although it appears that plaintiffs are able to show that Azam and Mohammed Hamid Butt ("Hamid Butt") did indeed ship counterfeit goods to New York, and are thus subject to this court's personal jurisdiction, there is little evidence of the other defaulting defendants' New York contacts.

- The allegations and evidence supporting a finding of liability of each of the defaulting defendants, and in particular with respect to whether each of them acted willfully. Again, it appears, based on documents submitted in connection with plaintiffs' motion for a temporary restraining order and preliminary injunction, that Azam, through Hamid Butt, sold infringing goods.  *See generally* Docket Entry 1.  The references in the complaint with respect to the conduct of the other defendants, however, are few in number and slim in substance.  The complaint alleges that the Butt family used "several different 'freight forwarders' to transport their counterfeit goods, and sometimes to accept payment for the ill-gotten gains of their sales, including Jasani, S.M. Enterprises and Arabian International in Pakistan."  Compl. ¶ 35.  The complaint also states that S.M. Enterprise and "Arabian International handled shipping" and "Babar Butt arranged payment . . . directed to any number of bank accounts, including . . . Jasani's account, at a Karachi branch . . . ."  *Id*. ¶¶ 38, 41.  With respect to individual defendants Sittar and Ramzan, plaintiffs allege that these individuals purchased counterfeit test strips from a Chinese

manufacturer, but they fail to connect these defendants' actions to Azam's counterfeiting. *Id*. ¶ 43. Finally, with respect to Elentta Po Butt, plaintiffs allege that Elentta Butt "is one of the active and controlling forces behind the operations of Azam." Compl. ¶ 15. The only additional reference to Elentta in the complaint is that an Azam business card lists Elentta as a "company contact." *Id*. ¶ 33. Other than the business card, none of plaintiffs' documents submitted in connection with their complaint mention Elentta Butt. Docket Entry 1.

- Whether the defaulting defendants are entitled to a set-off of the settlement amounts recovered by plaintiffs from non-defaulting defendants SFF Enterprises, Babar Butt, and Sakia Butt. *Compare Chloe v. Zarafshan*, 2009 WL 2956827, at *7 (S.D.N.Y. Sept. 15, 2009) (holding that a defendant in default "may not invoke the benefits of the set-off rule"); *RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 446-47 (S.D.N.Y. 2009) (finding that, under New York law, a defaulting defendant is not entitled to any set-off based on a co-defendant's settlement) *with Cooper v. Faith Shipping*, 2009 WL 1789405, at *6-8 (E.D. La. June 22, 2009) (citing *McDermott v. AmClyde*, 511 U.S. 202, 221 (1994) and noting that, because of the default, "there will be no apportionment of fault" from which to determine each defendant's proportionate share of damages, but nevertheless reducing defaulting defendant's liability by the amount of the settlement); *State Farm Mut. Auto. Ins. Co. v. Kalika*, 2007 WL 4326920, at *9 (E.D.N.Y. Dec. 7, 2007) (reducing a RICO default judgment by the amount of the settlements but without discussion of the set-off issue). Plaintiffs shall also submit evidence of the amounts of any settlements.

- The excessiveness of plaintiffs' requested punitive damages award in light of constitutional due process concerns, *see BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996) (outlining three factors to be taken into account when determining whether a punitive award exceeds the limits of due process); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419

(2003), especially where plaintiffs seek a punitive damages multiplier of nineteen. *State Farm*, 538 U.S. at 425 (stating that "[s]ingle digit multipliers are more likely to comport with due process" than larger ones).

- Evidence showing that the defaulting defendants continue to pose a threat of violating plaintiffs' trademarks justifying injunctive relief. *See Chanel, Inc. v. Kouzniakova*, 2008 WL 2741133, at *3 (E.D.N.Y. July 10, 2008) ("[P]ermanent injunctive relief will be granted only upon proof of the likelihood that purchasers of the product may be misled in the future. The Second Circuit has upheld the refusal of district courts to grant a permanent injunction where there was no likelihood of future violations.") (internal quotation marks and citation omitted); *Pan Am. World Airways, Inc. v. Flight 001, Inc.*, 2007 WL 2040588, at *6 (S.D.N.Y. July 13, 2007) (denying plaintiff a preliminary injunction where it failed to present evidence demonstrating the likelihood that defendants' infringing conduct would recur in the future). Here, the evidence establishes that defendants made sales of infringing touch strips to two entities in 2006, but plaintiffs offer no evidence of these defendants' continued infringement or the likelihood that they will infringe in the future.

If plaintiffs press their claim for an award of attorney's fees, they shall submit a calculation of the amount they seek, their contemporaneous time records, and an attorney affidavit or declaration that the rates they seek are reasonable and typical of the rates attorneys charge in this district for similar litigation. *See Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011); *Simmons v. New York City Trans. Auth.*, 575 F.3d 170, 172 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d Cir. 2008).

Plaintiffs shall submit their supplemental briefing and evidence no later than March 30, 2012. If plaintiffs seek to hold oral argument on their motion, they shall so indicate in their

supplemental submission. Any opposition by defendants should be filed no later than April 27, 2012. Any reply by plaintiffs is due no later than May 11, 2012. Plaintiffs shall also provide a courtesy copy of all of their filings contained in Docket Entry 1. Finally, plaintiffs shall submit a letter by March 16, 2012, indicating the status of their claims against the following defendants and whether they intend to prosecute their claims against them: Al-Shafiq Electronics LLC, Hunter Freight Services, S.M. Enterprise, and Anwar Ahmed.

    Plaintiffs are hereby directed to serve a copy of this Order, its motion for default judgment, Docket Entry 67, and their supplemental briefing upon the defaulting defendants at their last known addresses, and to file proof of service with the Court. Any defaulting defendant may contest the amount of damages sought. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Dated:    Brooklyn, New York
           March 9, 2012

*U:\eoc 2012\inquests\scheduling orders\j&j v azam.docx*