FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★  AUG 9 2013  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNSON & JOHNSON and LIFESCAN, INC.,

                                Plaintiffs,

-against-

AZAM INTERNATIONAL TRADING, ET. AL.,

                                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER
ADOPTING THE REPORT
AND RECOMMENDATION**
07-cv-4302 (SLT) (SMG)

**TOWNES, United States District Judge:**

Johnson & Johnson ("J&J") and Lifescan, Inc. (together, "Plaintiffs") filed the instant action against various defendants who Plaintiffs allege sold and distributed counterfeit blood glucose test strips bearing their trademarks. On January 28, 2008, after certain defendants failed to file an answer or otherwise appear, Plaintiffs moved for an entry of default. On February 7, 2008, the Clerk of Court entered notations of default against the following defendants: Azam International Trading, Jasani Scientifics, Arabian International, Muhammad Hamid Butt a/k/a Haji Ruaf Hamad Bhati, Elentta Po Butt, Mohammed Ramzan a/k/a Muhammad Ramzan, Massood Sitter a/k/a Maqsood Sittar. The entry of default also included defendant Anwar Ahmed ("Ahmed").[1]

On March 5, 2012, this court referred the motion for default judgment to Magistrate Judge Steven M. Gold for a report and recommendation (the "R&R"). On March 9, 2012, Judge Gold directed Plaintiffs to submit supplemental briefing on a variety of issues, including the status of Plaintiffs' claims against defendants Al-Shafiq Electronics LLC a/k/a al-Shafiq Electronic Shop ("Al-Shafiq"), Hunter Freight Services ("Hunter"), and S.M. Enterprise, who

---

[1] The court presumes familiarity with the factual background in this matter, as detailed in the R&R.

were not included in the entry of default, but had nonetheless not yet appeared in the action. Moreover, Judge Gold asked Plaintiffs to clarify whether they intended to pursue any claims against Ahmed who, although listed among the defendants against whom default was entered, did not appear to have ever been properly served. On March 13, 2012, Plaintiffs filed a letter advising the court that they had been unable to serve any of these four defendants and would not be pursuing any claims against them.[2] (Document No. 71.)

On July 18, 2013, Judge Gold issued his R&R, recommending that this court grant the following relief:

(1) that Plaintiffs' claims be dismissed against Al-Shafiq, Hunter, S.M., and Ahmed;

(2) that a permanent injunction be issued prohibiting all remaining defendants from infringing, counterfeiting, or otherwise violating J&J's federally registered OneTouch Marks;

(3) that judgment be entered against defendants Elentta Po Butt, Mohammed Ramzan, Masood Sitter, Arabian International, and Jasani Scientifics, jointly and severally, in the amount of $300,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(1); and

(4) that judgment be entered against defendants Amzan International Trading and Muhammad Hamid Butt, jointly and severally, in the amount of $3,000,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(2).

Judge Gold directed the parties to file any objections to the R&R no later than August 5, 2013.

---

[2] The court also notes that per a prior consent judgment and permanent injunction agreed upon by Plaintiffs and defendants Babar Butt, Sakia Butt, and SFF Enterprises and so ordered by this court on July 16, 2010, these defendants were dismissed from the case and are no longer parties to this action. (Document No. 64.)

2

That deadline has since passed, and the court has not received any objections.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this court has reviewed the R&R for clear error on the face of the record. The court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the court pursuant to 28 U.S.C. § 636(b) (1).

CONCLUSION

For the reasons set forth above, the R&R [76] is hereby ADOPTED in its entirety. The court accordingly grants the following relief:

(1) Plaintiffs' claims are dismissed against Al-Shafiq, Hunter, S.M., and Ahmed;

(2) a permanent injunction is issued prohibiting all remaining defendants from infringing, counterfeiting, or otherwise violating J&J's federally registered OneTouch Marks;

(3) judgment is entered against defendants Elentta Po Butt, Mohammed Ramzan, Masood Sitter, Arabian International, and Jasani Scientifics, jointly and severally, in the amount of $300,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(1); and

(4) judgment is entered against defendants Amzan International Trading and Muhammad Hamid Butt, jointly and severally, in the amount of $3,000,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(2).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: August 8, 2013
Brooklyn, New York

4